UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____

CONSTANCE PERNA and                        )
FRANK M. PERNA, JR.,                       )
             Plaintiffs,      )
                                           )
        v.                          )      No. 1:20-cv-00079-MSM-PAS
                                           )
BENJAMIN M. BROUILLARD,                    )
CRYSTAL L. BROUILLARD,                     )
NORTHEAST ROTTWEILER                       )
RESCUE AND REFERRAL, INC.                  )
And THERESE CHURCH,                        )
            Defendants.      )
_____           )


MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

     This case is before the Court on a Motion filed by plaintiff Frank M. Perna to dismiss the counterclaims brought by Benjamin and Crystal Brouillard ("Brouillards") and Northeast Rottweiler Rescue and Referral, Inc. ("Rescue"). At its heart, this is a "dog bite" case, slightly more complicated than the usual.[1] Gus and

---

[1] In keeping with the Court's obligation under Fed. Rule 12(b)(6) all facts stated are taken from the First Amended Complaint ("Complaint") (ECF No. 8) and Counterclaims (ECF Nos. 31, 32), and, for purposes of this Motion, all allegations in the Counterclaim are assumed to be true and all inferences are drawn in favor of the

Clara are two intact[2] sibling Rottweilers, about a year old at the time of the occurrence giving rise to this Complaint.  On or about February 5, 2017, the Brouillards contacted the Rescue about placing the dogs for adoption.  They spoke with Terese Church, alleged to have been an employee of the Rescue.  The dogs were ultimately adopted by the Pernas.  The gravamen of the Complaint is that the Brouillards, Ms. Church, and the Rescue itself – while being partially honest about the dogs' predilection for killing chickens – hid from the Pernas that Gus and Clara had bitten the Brouillards' young children.  Ultimately, the Pernas brought the dogs home and, very soon thereafter, Ms. Perna was the victim of an allegedly unprovoked attack by both dogs.

Among other defenses, the Brouillards and the Rescue counterclaimed against Mr. Perna.  They contend that under Connecticut law, he is responsible as the "owner and keeper" of the dogs for their attack on his wife.  As such, they claim contribution from him as a tortfeasor, citing Rhode Island's Uniform Contribution Among Joint Tortfeasors Act, R.I.G.L. § 10-6-1 ("Contribution Act"), and indemnification.  Mr. Perna moved to dismiss the counterclaim for failure to state a claim.  That motion is before the Court now for decision.  (ECF No. 37).

---

Brouillards and Rescue.  *Xynergy Healthcare Capital II LLC v. Municipality of San Juan,* No. CV 18-1208 (MEL), 2019 WL 4509693, at *1 (D.P.R. Sept. 18, 2019).

[2] The Court takes the plaintiffs' use of the word "intact" to mean that Gus and Clara were unneutered and unspayed, respectively.

## I.   JURISDICTION

The Pernas are residents of Connecticut, where the attack occurred.   The Brouillards are residents of Rhode Island.   The Rescue is a Massachusetts nonprofit corporation.   Ms. Church, who has not brought a motion to dismiss, resides in Massachusetts.   Jurisdiction based on diversity of citizenship is therefore proper.   28 U.S.C. § 1332.

## II.   DISCUSSION

Contribution as a joint tortfeasor in Rhode Island is governed by the Contribution Act.   The elements are that multiple persons are each liable in tort for the same injury.   *The Wampanoag Group, LLC v. Iacoi,* 68 A.3d 519, 522 (R.I. 2013). The torts for which each is potentially liable need not be the same, so long as the injury each allegedly caused is the same.   *Id.* at 523 (attorneys sued for negligence and breach of fiduciary duty could be joint tortfeasors with real estate agents sued for misrepresentation and breach of fiduciary duty).   While each tortfeasor may be jointly liable with the others, damages are based on a theory of comparative fault. *Hawkins v. Gadoury,* 713 A.2d 799, 802 (R.I. 1998).[3]

Indemnification, governed by common law in Rhode Island, is a related doctrine in that it involves relieving a tortfeasor from certain monetary consequences of his or her actions.   Unlike contribution, however, indemnification will result in the

---

[3] Mr. Perna does not address the statute of limitations issue in his Memorandum in support of the Motion to Dismiss.   In any event, the one-year statute does not begin to run until the person seeking contribution or indemnification has made a payment. *Hawkins v. Gadoury,* 713 A.2d 799, 803 (R.I. 1998).

indemnitor's being "liable for the whole outlay and not just a pro rata share." *Hawkins,* 713 A.2d at 803 (quoting *Helgerson v. Mammoth Mart, Inc.,* 335 A.2d 339, 341 (R.I. 1975). That result is predicated upon equitable considerations "arising 'where one person is exposed to liability by the wrongful act of another in which he does not join." *Id.* The elements are that the party seeking indemnity must be liable to a third party to whom the prospective indemnitor is also liable. Indemnification is appropriate where, as between the two, the indemnitor is the "active and primary cause of [the] injury." *Wampanoag,* 68 A.3d at 523-24.

In his Motion to Dismiss, Mr. Perna argues that a finding establishing a right of contribution or indemnification could not be made. He reasons in the alternative: (a) if the Brouillards and Rescue were found not to be liable, contribution and indemnification would be moot; (b) alternatively, if they were found to be liable because they failed to disclose the aggressiveness of the dogs, then he, Mr. Perna, would have been ignorant of that fact and, because of that ignorance, he would be protected from all liability. The defendants make two responses. First, they argue that in Connecticut, where the attack occurred, there is strict liability for dog bites and knowledge or ignorance of a dog's propensities are not relevant.[4] Second, they assert that the "logic" argument goes to the merits and is, therefore, beyond the reach of a 12(b)(6) decision.

---

[4] Rhode Island still adheres to the common law "one bite" rule. If a dog is in an enclosure on it's owner's property, there is no liability on the part of the owner unless s/he has reason to know of the dog's viciousness or propensity for aggression. *Coogan v. Nelson,* 92 A.3d 213, 217 (R.I. 2014).

Both responses travel further than the Court must.  As to strict liability, neither party has addressed whether Connecticut law on negligence would control contribution or indemnification when the tort at issue in *this* case, and therefore the Brouillards and/or Rescue's liability in the first instance, is that of misrepresentation. Second, Mr. Perna has not cited any cases for the proposition that the Court should look to the consistency of the theories of contribution or indemnification considering the alleged facts of a particular case.

It is enough that the counterclaims, taken at face value, state a claim for negligence against Mr. Perna sufficient to withstand a 12(b)(6) review.  He was an owner and keeper of the dogs at the time of the injury.  The relative fault of the parties, if indeed they share fault, and the circumstances of the attack that might warrant an assessment of fault, is left to another day and, no doubt, another Motion.

For this reason, the Motion to Dismiss the Counterclaim (ECF No. 37) is DENIED.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge
January 11, 2022

5